**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ARRINGTON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-3025** |
| **BP EXPLORATION & PRODUCTION, INC., ET AL.** | **SECTION "A"** |
| **BEELER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-3039** |
| **BP EXPLORATION & PRODUCTION, INC., ET AL.** | **SECTION "A"** |
| **BENDOLPH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-3041** |
| **BP EXPLORATION & PRODUCTION, INC., ET AL.** | **SECTION "A"** |
| **BYRD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-3073** |
| **BP EXPLORATION & PRODUCTION, INC., ET AL.** | **SECTION "A"** |
| **HALSELL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-3262** |
| **BP EXPLORATION & PRODUCTION, INC., ET AL.** | **SECTION "A"** |

1

| | |
|---|---|
| **GARCIA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-3541** |
| **BP EXPLORATION & PRODUCTION, INC., ET AL.** | **SECTION "A"** |

| | |
|---|---|
| **STEWART** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-4184** |
| **BP EXPLORATION & PRODUCTION, INC., ET AL.** | **SECTION "A"** |

| | |
|---|---|
| **JOHNSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-4369** |
| **BP EXPLORATION & PRODUCTION, INC., ET AL.** | **SECTION "A"** |

| | |
|---|---|
| **SIMMONS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-4583** |
| **BP EXPLORATION & PRODUCTION, INC., ET AL.** | **SECTION "A"** |

| | |
|---|---|
| **TOBIAS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-4613** |
| **BP EXPLORATION & PRODUCTION, INC., ET AL.** | **SECTION "A"** |

| | |
|---|---|
| **MCMILLAN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-4649** |
| **BP EXPLORATION & PRODUCTION, INC., ET AL.** | **SECTION "A"** |

**ORDER**

The captioned cases are B3 lawsuits that were allotted to this section from Judge Barbier's MDL 2179 pertaining to the Deepwater Horizon disaster that occurred in the Gulf of Mexico in 2010. The B3 pleading bundle includes personal injury claims due to oil or chemical exposure during the disaster response. *See In re Oil Spill by Oil Rig "Deepwater Horizon" in Gulf of Mexico, on April 20, 2010*, No. MDL 2179, 2021 WL 6055613, at *1 (E.D. La. Apr. 1, 2021). B3 plaintiffs either opted out of the Medical Settlement or were not members of the settlement class. *Id.* at *2 (discussing the Medical Benefits Class Action Settlement Agreement in MDL 2179).

The plaintiff in each captioned B3 lawsuit was employed in the Deepwater Horizon oil spill response effort and claims that exposure to crude oil and chemical dispersants (the former being released by the oil spill itself and the latter being used in the cleanup process) caused various personal injuries, some temporary and some long-term.

From the inception of the severed B3 cases, it has been understood that to prevail "B3 plaintiffs must prove that the legal cause of the claimed injury or illness is exposure to oil or other chemicals used during the response." *In re Oil Spill by Oil Rig "Deepwater Horizon,"* 2021 WL 6055613, at *11. Because causation had proved to be *the* critical element in the BELO cases, it was predicted to be the "make-or-break" issue for many B3 cases as well. *Id.* (comparing and contrasting BELO cases and B3 cases). A B3 plaintiff must prove that the legal cause of the claimed injury or illness is exposure to oil or other

chemicals used during the oil spill response. *Id.* The issue of causation will require an individualized inquiry. *Id.*

The plaintiff's burden with respect to causation in a toxic tort case involves proof of both general causation and specific causation. *See Knight v. Kirby Inland Marine, Inc.*, 482 F.3d 347, 351 (5th Cir. 2007). General causation is whether a substance is capable of causing a particular injury or condition in the general population. *Id.* at 351. Specific causation is whether a substance caused a particular individual's injury, *i.e.*, the plaintiff's injury. *Id.* (citing *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 714 (Tex. 1997)). If the plaintiff's case fails at the first-step of producing admissible evidence as to general causation, then the issue of specific causation is rendered moot. *See id.* (citing *Miller v. Pfizer, Inc.*, 356 F.3d 1326, 1329 (10th Cir. 2004)).

In each of the hundreds of B3 cases that were reassigned from MDL 2179 to the judges of this district, the plaintiff attempted to prove both general and specific causation by relying on expert medical doctor, Jerald Cook, M.D. Dr. Cook's expert report, of which there have been several versions, has been described by another judge as "an omnibus, non-case specific general causation expert report that has been used by many B3 plaintiffs." *Backstrom v. BP Explor. & Prod., Inc.*, No. 17-3029, 2022 WL 2342390, at *1 (E.D. La. June 29, 2022) (Barbier, J.). Unfortunately, no version of Dr. Cook's report has been accepted in this district.

The motions in limine in the captioned cases pertain to the plaintiff's use of Dr. Cook's report, and the testimony that would derive from it at trial, as evidence of both general and specific causation. Movants seek to exclude Dr. Cook's opinions on various grounds including the principles espoused in *Daubert v. Merrell Dow Pharmaceuticals,*

*Inc.,* 509 U.S. 579 (1993). Again, Dr. Cook's report has been rejected under *Daubert* by the judges of this district. If Dr. Cook's opinions are excluded from trial, then Defendants argue that their motion for summary judgment must be granted because the plaintiff in each case will have no expert medical causation evidence, which would constitute a complete failure of proof on an essential element of the case.

This Court has carefully studied and considered the numerous decisions issued by the other judges of this district who have determined that Dr. Cook's opinions should be excluded. For the same reasons given by Judges Vance, Barbier, Morgan, Milazzo, and Ashe when they granted the defendants' motions in limine directed at the same or even "improved" versions of Dr. Cook's report, the Court GRANTS Defendants' motions in limine in the captioned cases. Consequently, Defendants' motions for summary judgment are likewise GRANTED.

The Court notes that the plaintiff has filed a motion for extension of deadlines in each of the captioned cases, contending that the Court should refrain from ruling on any dispositive motions pending the resolution of the 30(b)(6) discovery dispute in the Torres-Lugo matter, Civil Action 20-210. As Judge Barbier noted in his cases when faced with the identical motion for extension of deadlines, the discovery dispute does not affect the causation inquiry that has proved fatal in the various B3 cases in this district. (Rec. Doc. 61, Civil Action 17-3070).

Accordingly;

**IT IS ORDERED** that the Motions in Limine filed in each of the captioned cases are **GRANTED**.

**IT IS FURTHER ORDERED** that the Motions for Summary Judgment filed in each of the captioned cases are **GRANTED** and that all of the claims of the plaintiffs against all of the defendants in the captioned cases are dismissed with prejudice.

**IT IS FURTHER ORDERED** that the Motions for Extension of Deadlines filed in each of the captioned cases are **DENIED**.

October 21, 2022

_____
Jay C. Zainey
United States District Judge